UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21CR00669 MTS |
| | ) |
| DEONDRE HILL, | ) |
| | ) |
| Defendant. | ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree as follows:

1. **PARTIES**

The parties are the defendant Deondre Hill, represented by defense counsel John M. Lynch, and the United States of America (hereinafter "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2. **GUILTY PLEA**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Counts Five, Six and Seven of the superseding indictment, the Government agrees to move for dismissal as to Counts One and Eight at the time of sentencing. The Government also agrees that no further federal prosecution will be brought in this District relative to the defendant's relative to Defendant's violations of federal law, known to the United States at this time, arising out of the events set forth in the superseding indictment.

1

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. **The parties further agree to make a joint recommended sentence of 24 months in cause number 4:15CR00341 MTS to run concurrent with a sentence of 24 months in Counts Five and Six and to run consecutive to a sentence of 60 months in Count Seven for a total aggregate sentence of 84 months.** The parties further agree that because of the agreement by the Government to dismiss Counts One and Eight at the time of sentencing neither party shall request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein.

The defendant also agrees, pursuant to the guilty plea to Counts Five and Six, to forfeit to the United States all property subject to forfeiture under the applicable statute(s), including but not limited to:

    a.    $6779.00 in United States currency;

    b.    One Glock 21 Gen4 .45 caliber semi-automatic pistol SN AERU885;

    c.    One Glock 20 Gen4 10mm caliber semi-automatic pistol SN BRGM242;

    d.    One Kel Tec 5.56 mm SN PD058;

    e.    One Glock 27 .40 caliber semi-automatic pistol SN JC233MO; and

    f.    Various calibers of ammunition and firearms magazines.

3.   **ELEMENTS**

As to Count Five, the Defendant admits to knowingly violating Title 21, United States Code, Section 841(a)(1) and admits there is a factual basis for the plea, and further fully understands that the elements of the crime are:

(i)   The Defendant, possessed a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance;

(ii)   Defendant possessed it knowingly and intentionally; and

(iii)   Defendant did so with intent to distribute it to another person.

As to Count Six, the Defendant admits to knowingly violating Title 21, United States Code, Section 841(a)(1) and admits there is a factual basis for the plea, and further fully understands that the elements of the crime are:

(i)   The Defendant, possessed a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

(ii)   Defendant possessed it knowingly and intentionally; and

(iii)   Defendant did so with intent to distribute it to another person.

As to Count Seven, the Defendant admits to knowingly violating Title 18, United States Code, Section 924(c), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

(i)   The Defendant committed the crimes of possession with intent to distribute one or more controlled substances, *i.e.*, fentanyl and methamphetamine; and

(ii)   The Defendant knowingly possessed a firearm in furtherance of those crimes.

3

4. **FACTS**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On October 12, 2021, members of the St. Louis Metropolitan Police Department Anti-Crime Task Force (ACTF) were alerted by the Real Time Crime Center that a stolen 2019 white Audi A8 was travelling in the area of Goodfellow and Dr. Martin Luther King Drives. ACTF located the vehicle as it parked on a lot at 5300 Cote Brilliante Avenue and set up surveillance during which they observed numerous individuals walking back and forth between the Audi and a business at that address after which the Audi pulled off the lot. ACTF deployed spike strips that flattened the two front tires. The driver of the Audi, later identified as Terryon McDonald, fled the area at a high rate of speed. With the assistance of Air Support, ACTF followed the Audi during which the front seat passenger, later identified as Defendant, threw a firearm out of the front passenger seat window onto Goodfellow Avenue. The firearm was seized and determined to be a loaded Glock 20 Gen 4 10mm caliber semi-automatic pistol SN BRGM24. The Audi continued to flee at a high rate of speed and eventually crashed into a concrete planter and electrical signal at Goodfellow and Delmar Avenues. The driver, Terryon McDonald, Defendant and the rear driver side passenger, later determined to be Phillip Robinson, exited the vehicle and fled on foot. An individual in the rear passenger seat, later determined to be Geno Armstrong, remained in the vehicle. After exiting and fleeing the vehicle, Defendant entered the backseat of a different vehicle and ordered the driver to drive away. The driver, fearing that she was being

4

carjacked, exited the vehicle and Defendant was taken into custody from the rear seat of the vehicle.

During a search of the Audi, ACTF located on the floorboard of the front passenger area from where Defendant had fled 175 capsules containing white powder and a clear baggie containing white powder.

As to Counts Five and Six, the St. Louis Metropolitan Police Department tested the suspected controlled substances. The 175 capsules containing white powder tested positive for fentanyl (total weight 8.75 grams). The clear baggie containing white powder tested positive for methamphetamine (total weight 2.52 grams). The net weight of the quantity of fentanyl and methamphetamine the defendant possessed was more than 20 KG but less than 40 KG of Converted Drug Weight. Expert testimony, in the event of trial, would also establish that the amount of fentanyl and methamphetamine possessed by the defendant and the manner of packaging in the instant case is consistent with the intent to distribute.

5. **STATUTORY PENALTIES**

As to Counts Five and Six, the defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than twenty years, a fine of not more than $1,000,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of at least three years.

As to Count Seven, the Defendant fully understands that the maximum possible penalties provided by law for the crime to which the Defendant is pleading guilty is imprisonment of not less than five (5) years, but not more than life, consecutive to any other sentence imposed; a fine

of not more than $250,000; or both such imprisonment and fine. The Court shall impose a period of supervised release of not more than five years. The Defendant fully understands that the crime to which a guilty plea is being entered on Count ~~Three~~ *Seven* requires a mandatory minimum term of imprisonment of five years consecutive to any other sentence imposed. In the event defendant is subject to any undischarged or anticipated term of imprisonment imposed by any court, defendant has been apprised by counsel that the sentence imposed in this case may be imposed consecutively to the undischarged or anticipated term of imprisonment.

6. **U.S. SENTENCING GUIDELINES (2021 MANUAL)**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

**COUNTS FIVE AND SIX-POSSESSION WITH INTENT TO DISTRIBUTE FENTANYL AND METHAMPHETAMINE**

    a. **Chapter 2 Offense Conduct:**

        (1) **Base Offense Level**: The parties further agree that, as to Counts Five and Six the base offense level is 16 as found in Section 2D1.1(c)(12). The parties agree that the net weight of the quantity of the controlled substances the defendant possessed with the intent to distribute was more than 20 KG but less than 40 KG of Converted Drug Weight resulting in the base offense level of 16.

   **(2)** **Specific Offense Characteristics**: The parties agree that the following Specific Offense Characteristics apply: none known at this time.

 **b.** **Chapter 3 Adjustments:**

   **(1)** **Reckless Endangerment During Flight:** The parties agree that two (2) levels should be added pursuant to Section 3C1.2 because Defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer.

   **(2)** **Acceptance of Responsibility**: The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the Government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If the Government subsequently receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the Government may present said evidence to the Court and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1 without violating the plea agreement.

 **c.** **Other Adjustment(s)/Disputed Adjustments:** The parties have no further agreement regarding any other adjustments.

7

## COUNT SEVEN- POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME

a. **Chapter 2 Offense Conduct**:

(1) **Base Offense Level**: The parties agree that the Base Offense Level is found in Section 2K2.4(b).

(2) **Specific Offense Characteristics**: The parties agree that the following Specific Offense Characteristics apply: none known at this time.

b. **Chapter 3 and 4 Adjustments:** Pursuant to Section 2K2.4(b) and Application Note 5, Chapters Three and Four do not apply. Therefore, as to Count Three, Defendant is not entitled to an acceptance of responsibility reduction under Section 3E1.1.

c. **Other Adjustment(s)/Disputed Adjustments**: The parties have no further agreement regarding any other adjustments.

d. **Estimated Total Offense Level**:

1. **Counts Five and Six**: The parties estimate that the Total Offense Level is 15. Depending on the underlying offense and the defendant's criminal history, the defendant could be a Career Offender pursuant to Section 4B1.1 or an Armed Career Criminal pursuant to Title 18, United States Code, Section 924(e) and Section 4B1.4. If the Court finds the defendant is a Career Offender or an Armed Career Criminal or both, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. The defendant has discussed these

8

possibilities with defense counsel. Both parties reserve the right to argue that the defendant is or is not a Career Offender or an Armed Career Criminal.

   2. **Count Seven**: Based on these recommendations, the parties agree that with respect to Count Seven, the Defendant will receive a mandatory minimum sentence of no less than 60 months, which will run consecutively to any other sentence Defendant may receive. However, depending on the underlying offense and Defendant's criminal history, Defendant could be a Career Offender pursuant to Section 4B1.1. If the Court finds that Defendant is a Career Offender, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the Defendant is or is not a Career Offender.

  e. **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

  f. **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein, and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made herein but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS**

    a. **Appeal**: The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

    (1) **Non-Sentencing Issues**: The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

    (2) **Sentencing Issues**: In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining the applicable Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, adopts the agreed Total Offense Level, and sentences the defendant within or above that range.

    b. **Habeas Corpus**: The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

    c. **Right to Records**: The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought

10

under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.  OTHER**

   **a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

   **b. Civil or Administrative Actions not Barred; Effect on Other Government Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation, or administrative action against the defendant.

   **c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

   **d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $300.00, which the defendant agrees to pay at the time of sentencing. Money paid by the

defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

   e. **Possibility of Detention**:  The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

   f. **Fines and Costs of Incarceration and Supervision**: The Court may impose a fine, costs of incarceration and costs of supervision. The defendant agrees that any fine imposed by the Court will be due and payable immediately.

   g. **Forfeiture**:  The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon his interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies). The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. Defendant specifically agrees to the forfeiture of the following: a. $6779.00 in United States currency; b. one Glock 21 Gen4 .45 caliber semi-automatic pistol SN AERU885; c. one Glock 20 Gen4 10mm caliber semi-automatic pistol SN BRGM242; d. one Kel Tec 5.56 mm SN PD058; e. one Glock 27 .40 caliber semi-automatic pistol SN JC233MO; and f. various calibers of ammunition and firearms magazines. The defendant consents that the Court may enter a consent preliminary order of

forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil, or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the Government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional, statutory, and equitable challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

9.  **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS**

In pleading guilty, the defendant acknowledges, fully understands and, hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; and the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding.

The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

### 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

### 11. CONSEQUENCES OF POST-PLEA MISCONDUCT

After pleading guilty and before sentencing, if the defendant commits any crime other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful

information to the U.S. Probation Office, or fails to appear for sentencing, the Government, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA

Pursuant to Federal Rule of Criminal Procedure 11(c) and (d), the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

9-28-22
Date

J. CHRISTIAN GOEKE #39462(MO)
Assistant United States Attorney

9/28/22
Date

DEONDRE HILL
Defendant

9/28/22
Date

JOHN M. LYNCH
Attorney for Defendant

15